HARRY KILDUFF, Defendant in Error, *vs.* THE CONSOLI-
DATED COAL COMPANY, Plaintiff in Error.

*Opinion filed October 26, 1912.*

MINES—*what is not a violation of statutory provision for mark-
ing dangerous condition.* If the chalk mark made by the mine in-
spector to indicate that a prop was necessary is plainly visible on
the following day, when he discovers that the prop put in the day
before has fallen, he is not required to re-trace or re-mark the
place, but it is sufficient if he places by the mark figures showing
the date, particularly where the miner, when injured, was prepar-
ing to re-set the prop.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on writ of error to the Cir-
cuit Court of Macoupin county; the Hon. ROBERT B. SHIR-
LEY, Judge, presiding.

BROWN & HAY, (MASTIN & SHERLOCK, of counsel,)
for plaintiff in error:

The motion to instruct the jury to find for the defend-
ant is properly granted where all reasonable minds would
agree there is no evidence, with the reasonable inferences
to be derived from the case, tending to prove the material
issue.  *Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206.

Where the record is barren of evidence tending to show
that the statutory violation averred was the proximate cause
of the injury the peremptory instruction should be given.
*Schlapp* v. *Coal Co.* 235 Ill. 633.

Causal connection between the violation averred and
the injury cannot be presumed because of proof of some
violation, but there must be proof that the injury resulted
proximately from the statutory omission.  *Coal Co.* v.
*Denman,* 185 Ill. 418.

Whether there is or is not legal competent evidence or
proof of a fact material to the right of recovery or de-
fense is a question of law for the court.  *Seith* v. *Electric
Co.* 241 Ill. 252.

TRUMAN A. SNELL, and PEEBLES & PEEBLES, for defendant in error:

It has been held by the Supreme Court that the fact that the miner had actual notice of the dangerous condition of the roof does not relieve the mine operator from his statutory duty to have the place marked if it is dangerous. *Mertens* v. *Coal Co.* 235 Ill. 546.

The contributory negligence of the miner is not a defense to the charge that the statute was willfully violated. *Coal Co.* v. *Patting,* 210 Ill. 343.

The doctrine of assumed risk is not a defense to the mine operator where the declaration charges, and the proof shows, a willful violation of the Mining act. *Coal Co.* v. *Strine,* 217 Ill. 527.

The coal miner has a right to assume that the mine operator will comply with the statute, and the miner has the right, when he enters the room and sees that it has been marked safe by the mine examiner, to accept his conclusions with respect to that fact and to rely upon it. *Coal Co.* v. *Royce,* 184 Ill. 402.

It is not necessary that the miner, in this character of cases, shall prove that the mine operator, through the examiner, had discovered the dangerous condition. The mine examiner marks the room as safe at the peril of the operator. *Peebles* v. *Coal Co.* 239 Ill. 373.

If a dangerous condition exists in a working place in a mine, the mine examiner has no authority to determine that the place is not dangerous, contrary to the fact, and the mine owner cannot excuse himself for failure to mark the place on that ground. *Coal Co.* v. *Swan,* 227 Ill. 586.

The provisions of the Mining act with reference to the duties of the coal operator are intended to secure the safety of men engaged in a perilous occupation, and those provisions ought not to receive a narrow construction, but be construed liberally for the benefit of those whose lives are constantly in peril. *Dunham* v. *Coal Co.* 239 Ill. 457.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Harry Kilduff, defendant in error, recovered a judgment in the circuit court of Macoupin county for $1500 for personal injuries sustained by him while working as a miner in one of the rooms of the Consolidated Coal Company's mine. The declaration charges a violation of the statutory duty to inspect the working places of the mine and place a conspicuous mark at all dangerous places. At the close of all the evidence the defendant company made a motion to direct a verdict in its favor and offered an instruction for that purpose, which was refused. A judgment based upon the verdict of the jury has been affirmed by the Appellate Court for the Third District, and the case is brought to this court for further review upon *certiorari.*

The only error assigned in this court is the ruling of the circuit court in refusing to direct a verdict for plaintiff in error. To decide the question presented by this assignment of error it is necessary to examine the evidence to determine whether there is any evidence fairly tending to support the verdict.

The evidence is not in serious conflict. It shows that plaintiff in error's mine had not been operated for several weeks prior to June 1, 1908, on account of a strike. Operations were resumed June 1. On June 2 the mine inspector examined room No. 31, in which the defendant in error worked, and discovered an unsafe condition in the roof, which he marked by placing a cross thereon with chalk, which indicated to the miner that a prop should be placed under the unsafe roof. Defendant in error placed a prop at the place indicated on June 2 and continued his work in the room with safety. On the afternoon of June 2 shots were fired at the face of the coal, which knocked the prop down that had been placed there earlier in the day. Before defendant in error entered the mine to commence work on June 3 the mine inspector again entered the mine

and discovered that the prop had been knocked down by the shots fired the evening before. Observing that the chalk marks placed upon the roof at the point of danger the day before were still plainly visible he did not re-trace them but marked on the face of the coal the figures "6/3," with chalk, which indicated that the mine had been inspected on the morning of June 3. Defendant in error entered the mine and saw the danger mark on the roof and also the figures indicating the inspection on the morning of June 3. He commenced shoveling to clear the gob away so that he could re-set the prop, and while so engaged a fall of slate from the roof injured him.

The foregoing facts are not controverted. The only complaint that can be based upon these facts is the failure of the mine inspector to go through the useless operation of re-marking or re-tracing his old marking of the dangerous place in the roof. Under the evidence we are constrained to hold that the statute has not been violated by plaintiff in error. The danger mark made June 2 was still plainly visible upon the roof, and when the inspector visited the mine on June 3 and registered the date of his examination, it was, in effect, a continuance of the danger mark that was then upon the roof. Had he re-traced the mark on the morning of the 3d the result would not have been any different. The defendant in error recognized the dangerous condition in the roof and at the time of his injury was preparing to re-set the prop. He had all of the information and protection that he would have had had the mark been re-traced on June 3.

The evidence fails to prove the violation of the statute upon which the recovery is predicated. It was therefore the duty of the court below to direct a verdict for plaintiff in error.

The judgments of the circuit and Appellate Courts are reversed and the cause remanded.

*Reversed and remanded.*